IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK STEVEN BANNISTER; and
LU EDITH BANNISTER                                                PLAINTIFFS

v.                          No. 3:19-cv-217-DPM

VIRGINIA MELTON; CECIL
RUMINER; LEROY RUMINER;
and KARENE RUMINER                                               DEFENDANTS

ORDER

1. The Bannisters' motion to proceed *in forma pauperis*, № 1, is granted. They can't afford the filing fee.

2. The Court must screen their complaint. 28 U.S.C. § 1915(e)(2). The Bannisters' core claim involves a mobile home, and approximately six acres of ground, in Lawrence County and valued at approximately $46,000. They say the defendants broke a sales contract. № 2 at 3-5, 13. They also say the defendants conspired to engage in civil racketeering activity, violating federal law. And they allege discrimination under the Americans with Disabilities Act because Mark Bannister is disabled. № 2 at 3.

The Bannisters' haven't pleaded sufficient facts to support their two federal claims. First, their complaint doesn't plausibly allege a RICO claim, which requires specific allegations under Federal Rule of Civil Procedure 9(b). *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353

(8th Cir. 2011). Second, the ADA bars discrimination in employment and public accommodations, not in a contract about the sale of property. *E.g., Wolf v. Hoene Ridge Subdivision*, 2015 WL 8665406, at *3 (E.D. Mo. 11 Dec. 2015). The Bannisters' complaint therefore fails to state a federal claim.

The jurisdictional requirements under the diversity statute, 28 U.S.C. § 1332, aren't satisfied, either. There are Arkansawyers on both sides of the v. № 2 *at* 3.

There being no federal subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the Bannisters' claim under Arkansas law that the sales contract was broken and that Mark was harassed based on his disability. 28 U.S.C. § 1367(c)(3); *Anderson v. Franklin County, Missouri*, 192 F.3d 1125, 1131 (8th Cir. 1999). The complaint will be dismissed without prejudice.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

19 August 2019